IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDY FOSTER ZUNIGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-2870-JDT-tmp |
| ) | |
| QUENTIN COOPER, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING R&R AND GRANTING MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Wendy Foster Zuniga, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on November 4, 2014, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On November 5, 2014, U.S. Magistrate Judge Tu M. Pham granted leave to proceed *in forma pauperis* and directed that the Defendants, Quentin Cooper and the City of Memphis ("the City"), be served with process. (ECF No. 5.) The summons issued for Defendant Cooper was returned unexecuted, and he has not been served with process. (ECF No. 13.)

The City filed a motion to dismiss or for summary judgment on March 31, 2015. (ECF No. 31.) Plaintiff responded (ECF No. 33) and also filed a motion to amend the complaint (ECF No. 34). Magistrate Judge Pham issued an R&R on September 17, 2015, in which he recommended granting the City's motion for summary judgment and denying Plaintiff's motion to amend. (ECF No. 42.) On October 1, 2015, Plaintiff sent an email to Defendants' counsel and the Magistrate Judge. (ECF No. 44.) Magistrate Judge Pham construed that email as an objection to the R&R and ordered the

Clerk to file it under seal due to the offensive nature of the communication. (ECF No. 43.) Plaintiff then filed a document that purports to be an apology to the Court and a corrected objection to the R&R. (ECF No. 45.)

This case arises from events that occurred on September 14, 2002. Defendant Cooper, who was an officer with the Memphis Police Department ("MPD"), arrested Plaintiff while she was walking home from work. He took her to another location, where she alleges that he raped her. Consequently, on September 12, 2003, acting through counsel, Plaintiff filed a complaint in this Court against Cooper and the City of Memphis, pursuant to 42 U.S.C. § 1983. *Foster v. Cooper*, No. 03-2689-JDB-tmp (W.D. Tenn.). The case was dismissed without prejudice on February 10, 2006, due to Plaintiff's failure to cooperate in discovery, appear for her deposition, or respond to substantive motions. Plaintiff's counsel in that case even hired a private investigator in an attempt to locate Plaintiff but was unable to do so. *Id.*, ECF No. 59 at 3.

In the complaint in this case, Plaintiff alleges that her sexual assault kit ("SAK") from 2002 was lost and that she was notified in April 2014 that it had been found at the Shelby County Sheriff's Office. She appears to allege that the failure to test the SAK violated her constitutional rights. Plaintiff also claims that she did not know anything about the prior lawsuit filed on her behalf until May 2014. However, in support of the motion for summary judgment, the City has submitted evidence that, regardless of any notification Plaintiff may have received in April 2014, Plaintiff's SAK was, in fact, tested shortly after the 2002 assault occurred. The swabs from the SAK itself did not show the presence of Cooper's DNA, but other evidence from the crime scene did indicate the presence of sperm matching Cooper's. Cooper was terminated from the MPD and, on March 13, 2003, he was indicted on two counts of rape and two counts of official oppression. On January 31,

2005, Cooper pled guilty to a lesser charge of patronizing prostitution and received probation in lieu of a sentence of 11 months and 29 days. The remaining charges were dropped.

The Magistrate Judge first found that any claims arising out of the sexual assault itself are barred by the statute of limitations. The assault occurred on September 14, 2002. Plaintiff's first lawsuit was timely filed on September 12, 2003, but was dismissed without prejudice on February 10, 2006. Even if the statute of limitations was tolled during the pendency of that first action, which is not necessarily the case, Plaintiff would have had, at most, one year from the dismissal of that action to re-file her complaint. *See* Tenn. Code Ann. § 28-1-105. This case was not filed until November 4, 2014, and the claims arising directly out of the sexual assault are untimely under any set of circumstances. The Court agrees that these claims barred by the statute of limitations.[1]

The Court also agrees with Magistrate Judge Pham that the City is entitled to summary judgment on Plaintiff's claims concerning the "finding" of her SAK in 2014. The undisputed evidence in the record shows that the SAK was tested in a timely manner and that Cooper initially was charged with raping Plaintiff. It is evident from Plaintiff's objection to the R&R that her real complaint in this case is that Cooper was allowed to plead to the lesser charge of patronizing prostitution. However, as the Magistrate Judge pointed out, the constitution does not require a governmental entity to even investigate and prosecute crimes, let alone charge a particular person

---

[1] Likewise, Plaintiff's claims against Defendant Cooper arising from the sexual assault are time barred. In addition, the Magistrate Judge found the claims against Cooper were subject to dismissal for failure to serve process, pursuant to Federal Rule of Civil Procedure 4(m). Although the U.S. Marshal was ordered to serve the process because Plaintiff is proceeding *in forma pauperis*, Plaintiff was responsible for providing a sufficient address where Cooper could be found, but she failed to do so. While Plaintiff objects that she should not be required to locate Cooper, "neither the [Marshal] nor the Court is required to conduct an investigation to learn the whereabouts of a missing defendant." *Hill v. Lappin*, No. 09-CV-7-KSF, 2012 WL 2590476, at *2-*3 (E.D. Ky. July 3, 2012) (citing *Fitts v. Sicker*, 232 F. App'x 436, 443-44 (6th Cir. 2007)).

with any specific offense. *See Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-202 (1989); *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768-69 (2005).

Magistrate Judge Pham further determined that Plaintiff's motion to amend would be futile. She appears to assert vague claims of malicious prosecution and false imprisonment during the pendency of the prior lawsuit, allegedly designed to prevent her from participating in that action. However, Plaintiff does not provide sufficient factual details regarding specific prosecutions and/or periods of imprisonment to state a claim for either malicious prosecution or false imprisonment. Therefore, the Court agrees that the motion to amend would be futile and should be denied.

The Court ADOPTS the recommendation of the Magistrate Judge. For the reasons set forth in the R&R, Plaintiff's motion to amend is DENIED and the City's motion for summary judgment is GRANTED. The claims against Defendant Cooper are DISMISSED for failure to service process, pursuant to Federal Rule of Civil Procedure 4(m).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment to the City and dismiss the claims against Defendant Cooper also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE